UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Aimee Cibran,
and other similarly situated individuals,

    Plaintiff (s),

v.

Christopher Columbus High School, Inc.

    Defendant.
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff Aimee Cibran and other similarly situated individuals, by and through the undersigned counsel, and sues Defendant Christopher Columbus High School, Inc., and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money for unpaid overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Aimee Cibran is a resident of Miami-Dade County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Christopher Columbus High School, Inc. (from now on, Columbus High School, or Defendant) is a Florida not-for Profit Corporation having a place of business in Miami-Dade County, Florida. Defendant is engaged in interstate commerce.

4. All the actions raised in this Complaint took place in Dade County, Florida, within this Court's jurisdiction.

Allegations Common to All Counts

5. This cause of action is brought by Plaintiff Aimee Cibran as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked more than forty (40) hours during one or more weeks on or after October 2019, (the "material time") without being compensated overtime wages pursuant to the FLSA.

6. Defendant Columbus High School is a private, all-boys Catholic secondary school. The school is located at 3000 SW 87th Avenue, Miami, Florida 33165, where Plaintiff worked. The Defendant was engaged in activities for business purposes

7. Defendant Columbus High School employed Plaintiff Aimee Cibran from approximately October 07, 2013, to September 09, 2022, or almost eight years. However, for FLSA purposes, Plaintiff's relevant employment period is 123 weeks (Plaintiff worked for the high school for ten months every school year). Plaintiff was paid a salary that varied each year.

8. Plaintiff was a non-exempted, full-time employee. Defendant misclassified Plaintiff as an Administrative Assistant. However, Plaintiff's primary duties involved the kind of work associated with a secretary. Plaintiff's duties did not include any administrative or professional work. Plaintiff did not perform work related to the management or business operations of the school and did not exercise discretion or independent judgment in performing her job. Plaintiff just followed instructions received from her superiors.

9. Plaintiff's primary duty consisted of general office work, including receptionist answering phone calls, calendaring, and assisting with all the students' activities such as planned trips, school events, and presentations. Plaintiff also performed other manual and repetitive tasks such as warehousing work, driving, etc.

10. Plaintiff did not meet the requirements for any FLSA overtime exemption, and she was entitled to receive overtime exemption.

11. During her employment with Defendant, Plaintiff worked five days weekly, from Monday to Friday, from 7:00 AM to 6:00 PM (11 hours each day). Plaintiff worked a total of 55 hours per week. Plaintiff did not take bonafide lunch breaks.

12. Plaintiff was paid bi-weekly a salary covering 40 regular hours. Plaintiff was paid the same amount regardless of the number of hours worked.

13. Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours, as required by law.

14. Plaintiff clocked in and out, and many times she was required not to do that, but Plaintiff recorded her hours most of the time. Defendant knew about the number of

hours worked by Plaintiff and other similarly situated individuals. Plaintiff worked under the supervision of Mrs. Silvia Galvez.

15. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. Plaintiff was paid bi-weekly with direct deposits and with paystubs that did not show the actual number of hours worked.

17. Plaintiff disagreed with the number of hours worked and the compensation received, and she complained many times about the missing payment for overtime hours to her supervisor. Ms. Silvia Galvez always promised Plaintiff to fix the problem, but that never happened.

18. On or about September 09, 2022, Plaintiff was unfairly fired after she accepted a transfer of position and began working for Director Iris Martinez.

19. Plaintiff Aimee Cibran seeks to recover accumulated unpaid overtime hours, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

20. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"), Section 216 (b) for jurisdictional placement.

21. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for overtime hours at the rate of time and one-half their regular rate.

22. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and were subject to the

unlawful payroll practices and procedures of Defendant and were not paid overtime hours at the rate of time and one-half their regular rate of pay for every hour worked over forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1); FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANT**

23. Plaintiff Aimee Cibran re-adopts every factual allegation stated in paragraphs 1-23 above as if set out in full herein.

24. Plaintiff Aimee Cibran, and those similarly situated, bring this action to recover from the employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

25. The employer, Optimum Point of Care, was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a private educational institution. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds

outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is enterprise coverage.

26. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce within the meaning of the FLSA. Therefore, there is individual coverage.

27. Defendant Columbus High School employed Plaintiff Aimee Cibran from approximately October 07, 2013, to September 09, 2022, or almost eight years. However, for FLSA purposes, Plaintiff's relevant employment period is 123 weeks (Plaintiff worked for the high school for ten months every school year). Plaintiff was paid a salary that varied each year.

28. Plaintiff was a non-exempted, full-time employee. Defendant misclassified Plaintiff as an Administrative Assistant. However, Plaintiff's primary duties involved the kind of work associated with a secretary. Plaintiff's duties did not include any administrative or professional work. Plaintiff did not perform work related to the management or business operations of the school and did not exercise discretion or independent judgment in performing her job. Plaintiff just followed instructions received from her superiors.

29. Plaintiff's primary duty consisted of general office work, including receptionist answering phone calls, calendaring, and assisting with all the students' activities such as planned trips, school events, and presentations. Plaintiff also performed other manual and repetitive tasks such as warehousing work, driving, etc.

30. Plaintiff did not meet the requirements for any FLSA overtime exemption, and she was entitled to receive overtime exemption.

31. During her employment with Defendant, Plaintiff worked five days weekly, from Monday to Friday, from 7:00 AM to 6:00 PM (11 hours each day). Plaintiff worked 55 hours per week. Plaintiff did not take bonafide lunch breaks.

32. Plaintiff was paid bi-weekly a salary covering 40 regular hours. Plaintiff was paid the same amount regardless of the number of hours worked.

33. Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours, as required by law.

34. Plaintiff clocked in and out, and many times she was required not to do that, but Plaintiff recorded her hours most of the time. Defendant knew about the number of hours worked by Plaintiff and other similarly situated individuals. Plaintiff worked under the supervision of Mrs. Silvia Galvez.

35. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

36. Plaintiff was paid bi-weekly with direct deposits and with paystubs that did not show the actual number of hours worked.

37. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in Defendant's possession and custody. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other

employees in the asserted class. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

38. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

39. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

*Plaintiff is not in possession of time and payment records, and she is providing this preliminary good-faith estimate of the unpaid overtime based on her best recollections. Plaintiff will amend her calculations after proper discovery.

a. <u>Total amount of alleged unpaid O/T wages</u>:

   Thirteen Thousand Sixty Dollars and 65/100 ($13,060.65)

b. <u>Calculation of such wages</u>:

Total weeks of employment: 123 weeks
   Relevant number of weeks: 123 weeks
   Total number of hours worked: 55 hours weekly
   Total O/T hours: 15 hours weekly

**1.- O/T from October 27, 2019, to approx. June 15, 2020,= 33 weeks**

Total number of relevant weeks: 33 weeks
Total hours worked: 55 hours weekly average
Total O/T hours: 15 hours weekly average
Unpaid O/T hours weekly: 15 O/T hours weekly
Salary: $740.74 weekly average: 55 hours=$13.47 hourly rate
Regular rate: $13.47 x 1.5=$20.21
O/T rate: $20.21 - $13.47 paid=$6.74
Half-time: $6.74

Half-time $6.74 x 15 O/T hours=$101.10 weekly x 33 weeks=$3,336.30

**2.- O/T from approx. August 15, 2020, June 15, 2021,= 43 weeks**

Total number of relevant weeks: 43 weeks
Total hours worked: 55 hours weekly average
Total O/T hours:  15 hours weekly average
Unpaid O/T  hours weekly: 15 O/T hours weekly
Salary: $775.47 weekly average: 55 hours=$14.10 hourly rate
Regular rate: $14.10 x 1.5=$21.15
O/T rate: $21.15 - $14.10 paid=$7.05
Half-time: $7.05

Half-time $7.05 x 15 O/T hours=$105.75 weekly x 43 weeks=$4,547.25

**3.-O/T from approx. August 15, 2021, to June 15, 2022= 43 weeks**

Total number of relevant weeks: 43 weeks
Total hours worked: 55 hours weekly average
Total O/T hours:  15 hours weekly average
Unpaid O/T  hours weekly: 15 O/T hours weekly
Salary: $811.91 weekly average: 55 hours=$14.76
Regular rate: $14.76 x 1.5=$22.14
O/T rate: $22.14 - $14.76  paid=$7.38
Half-time: $7.38

Half-time $7.38 x 15 O/T hours=$110.70 weekly x 43 weeks=$4,760.10

**4.- O/T from approx. August 9, 2022, to September 9, 2022,= 4 weeks**

Total number of relevant weeks: 4 weeks
Total hours worked: 55 hours weekly average
Total O/T hours: 15 hours weekly average
Unpaid O/T  hours weekly: 15 O/T hours weekly
Salary: $763.71 weekly average: 55 hours=$13.89
Regular rate: $13.89 x 1.5=$20.84
O/T rate: $20.84 - $13.89 paid=$6.95
Half-time: $6.95

Half-time $6.95 x 15 O/T hours=$104.25 weekly x 4 weeks=$417.00

Total #1, #2, #3 and #4: $13,060.65

c. Nature of wages (e.g., overtime or straight time):

This amount represents unpaid overtime wages.[1]

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

40. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them as provided in said Act.

41. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

42. Defendant Columbus High School willfully and intentionally refused to pay Plaintiff Aimee Cibran overtime wages as required by United States law and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

43. Plaintiff seeks to recover unpaid overtime wages accumulated from hiring to her last day of employment.

44. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## Prayer For Relief

Wherefore, Plaintiff Aimee Cibran and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Aimee Cibran and other similarly situated and against the Defendant Columbus High School, based on Defendant's willful violations of the Fair

Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff Aimee Cibran an equal amount in double damages/liquidated damages; and

D. Award Plaintiff Aimee Cibran reasonable attorney's'fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Aimee Cibran and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

Dated:  November 14, 2022

Respectfully Submitted,

By:  /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*